### ALEXANDER B. BUTTS v. JOHN H. FRENCH.

1. A filed a state of demand against B, in which he declared upon a guaranty of B, to pay the amount of A's sale to C. On the trial before the justice, he proved a sale directly to B. B moved for a nonsuit, which was refused, and no amendment of state of demand was made.
2. From this judgment, B appealed. Upon the trial of the appeal, the same variance appeared between the pleading and the evidence, but B raised no objection upon that ground. *Held*—That by his silence below, he waived his right in the hearing of the cause here upon *certiorari*, to insist upon the variance as error.

On *certiorari*.

This writ brings up the record of a cause commenced before

a justice of the peace, and, upon appeal, tried before the Court of Common Pleas of Union county.

The present inquiry touches the validity of the judgment rendered in the Court of Common Pleas.

Argued at February Term, 1880, before Justices WOOD-HULL and REED.

For the prosecutor, *A. B. Butts, in pro. pers.*

The opinion of the court was delivered by

REED, J.   The state of demand was based upon a guaranty made by the prosecutor in the following words:

Jesse Thorn informs me that he has selected some clothing in your store, amounting, in all, to $16.00.   He wants a little time to pay for them.   If you will give him one month, I will guarantee the collection of the account, as I have some matters of his in charge, which will enable me to do so.

ALEXANDER B. BUTTS.

Upon the trial before the justice, it appeared in evidence that Thorn had presented this paper to French, the plaintiff below, and that he, French, then said to Thorn:   " I will sell these goods to Mr. Butts.   I will charge them directly to Mr. Butts, upon my books of account.   You go to Mr. Butts and tell him so, and if he says it is all right, I will let you have the goods."   It appeared that this was communicated by Thorn to the prosecutor, and that he assented to the proposition.   It appeared that his assent was, by Thorn, communicated to Mr. French, who let Thorn have the goods, charging them upon his books to Mr. Butts.

The defendant moved for a non-suit, upon the close of the plaintiff's case.   This was refused.   No amendment was asked for or granted.   Judgment was entered in favor of the plaintiff.

An appeal was taken to the Common Pleas.  Upon the

trial there, the same evidence was offered, and the case there made by the plaintiff was uncontradicted. In this last trial, it does not appear, from the record, that any motion to non-suit was made.

It is obvious that, at the trial before the justice, there appeared a variance between the pleading and the proof, on the part of the plaintiff. By his state of demand, the plaintiff grounded his right of action upon a collateral agreement. At the trial, he proved that the offered guaranty was not accepted, and he disclosed a sale made to the defendant directly, thereby fixing upon him a primary instead of a collateral liability.

Upon the motion then made ·by the counsel for the defendant to non-suit the plaintiff, there was one of two courses for the justice to pursue—either to allow an amendment of the state of demand, or to direct a non-suit. He did neither, but rendered judgment for the plaintiff.

The cause was then appealed, and came on for trial before the Common Pleas. By the evidence, the plaintiff made the same case there as below, and the same variance there appeared as before the justice. Inasmuch as no amendment had been made below, when the objection was taken to the variance by the motion to non-suit, it followed that no amendment could have been made in the Court of Common Pleas. *Rev.*, p. 559, § 112.

Had the defendant renewed upon the last trial, the motion made below, it would have been fatal to the case of the plaintiff. But, so far as appears by the record and state of the case sent up, no such motion was then made. The defendant therefore occupies the position of one who was present at the trial and saw a case, in itself complete in its legality, proven against him, but defective only upon the ground that it was not the case set out in the state of demand, and who yet raised no objection to the case proven, upon the ground that it differed from the case pleaded.

I think that this discloses a state of facts which places the defendant in the posture of having waived this objection, and precludes him from raising it here.

In the case of *Stroud* v. *Shimer*, 3 *Halst.* 134, this court reversed a judgment rendered by a justice, upon the ground that the case shown by the plaintiff, on the trial, was variant from that set forth in the state of demand. But the defendant was not present at the trial, and judgment was rendered in his absence. This case was probably correctly decided, inasmuch as, at the time of its decision, no power existed in a justice's court to amend, in the event of a variance. This power was conferred by the act of 1855. *Nix. Dig., pp.* 739, 746, §§ 43, 44, 45, 91. The defendant in a cause could not then, with justice, have been held, in case of his absence at the trial, to have assented to the proving of a case differing from that pleaded.

Knowing that no such case could be proven, and that no change in the plaintiff's state of demand could be made, he could absent himself, with confidence that there would be an entire failure of proof.

But when the defendant stands by at the trial, and a legal case is proven against him, differing, however, from the one pleaded, and he raises no objection, based upon such variance, I do not think he is in a position to afterwards complain of this error.

*Consensus tollit errorem* is the maxim by force of which all irregularities except those which are jurisdictional and fundamental, are waived by acquiescence. *Broom's Maxims* *100. And this rule is not limited to those irregularities which, if the objection to them had been taken, the court could then have caused the defect to be cured.

If this objection had been taken below, it could not there have been cured, but the plaintiff would have been non-suited, or could have consented to such a judgment, and so avoided the additional cost of time and money involved in the defence of this writ.

The party is bound to make his objection, so that, if it is fatal to the case of his opponent, there may not be the accumulated costs and vexation of another step in the litigation.

In *Gould* v. *Brown*, 4 *Halst.* 165, it was alleged that the

justice had refused an adjournment to which the plaintiff was not entitled.  At the trial before the Common Pleas, the plaintiff failed to interpose this objection, and, upon *certiorari* to this court, it was held that he having, upon the trial of the case upon appeal, neglected to obtain his relief for this irregularity, could not raise the objection here.

Additional cases in which this rule has been applied in the courts of this state, are collected in the opinion in the case of *Steward* v. *Sears*, 7 *Vroom* 173.  See also *Graham & Waterman on New Trials, vol. II., p.* 149, note; *Powell on App. Proceedings,* § 117.

I think there is no ground for reversal upon this point, upon which the prosecutor can here insist.

As to the objection that the justice of the peace made an illegal adjournment, I do not think he exceeded the proper exercise of his discretion.

Judgment should be affirmed, with costs.